OPINION AND JUDGMENT ENTRY
This is an appeal from the Erie Court of Common Pleas, Domestic Relations Division, which granted appellee Judith A. Brun's petition for a domestic violence civil protection order.
The petition for a civil protection order was filed on June 24, 1998. A full evidentiary hearing was held before a magistrate on August 24, 1998 and September 21, 1998. Conflicting testimony was presented. Appellee provided the following recitation of the disputed facts.
On June 23, 1998, appellee telephoned appellant at work to inform him that she needed money to pay the electric bill. He was very angry but instructed her to write a check from appellant's checkbook. When he arrived home that evening he pinned her to the wall and pushed his right elbow into her left breast. Later, appellant prepared dinner and they sat down to eat. Appellant threw his silverware past appellee's head and into the sink. He then threw a plate and appellee had to dive out of the way into order to avoid being hit. The plate then broke into several pieces. Appellee then called the sheriff's office.
Appellee further testified that she truly feared for her safety at that time. She also stated that there had been prior incidents of abuse.
Appellant testified that he brushed past appellee, but he did not shove or push her. He further stated that he only tossed his silverware and plate into the sink. He did not throw them at appellee.
Sergeant Rolland C. Kurtz responded to appellee's telephone call. He testified that appellee told him that appellant pinned her against the wall with his elbow. She did state that appellant threw his silverware and plate into the sink, but did not tell Kurtz that he threw them in her direction. Kurtz felt that appellee was upset and very frightened.
Appellant's friend, Linda Braden, testified that approximately one month prior to the incident at issue, she witnessed the parties yelling and screaming at each other. She saw appellant push some papers and magazines off a counter and stated that during the incident appellee was defending herself. Braden testified that the parties slept in different rooms and that appellee wired her door shut at night because she was afraid of appellant.
Scott Bruns, the parties' adult son, testified that he did not believe that his father was capable of domestic violence, nor did he ever witness any acts of violence towards his mother. He further stated that he believed his mother may have a "chemical imbalance."
On October 15, 1998, the magistrate entered a decision. The magistrate made the following findings:
"1)Petitioner and Respondent are husband and wife.
 "2) It is found that Respondent did perpetrate an act of domestic violence against the Petitioner on June 23, 1998, when Respondent restrained the Petitioner against a wall with his elbow to her breast area during a heated argument concerning the parties' finances.
 "3) It is further found [sic] the Respondent did place Petitioner in fear of imminent serous physical harm on June 23, 1998, when he threw a dish into the kitchen sink within the proximity of Petitioner's head causing her to move aside in a defensive mode to avoid the dish. The dish smashed in the sink."
In the decision, appellant was restrained from annoying, harassing, molesting, or contacting appellee. It also placed restrictions on appellant's ability to work in a shop located on their property. Appellee was awarded use of the martial residence and their two vehicles.
The trial court adopted the magistrate's decision on December 24, 1998. Objections to the magistrate's decision were filed on October 30, 1998; thereafter, appellant filed a memorandum in support of the objections on January 5, 1999. Appellant then filed a timely notice of appeal.
Appellant's assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY ISSUING A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER WITH NO EVIDENCE OF BODILY INJURY AND NO RATIONAL BASIS FOR FEAR OF IMMINENT SERIOUS PHYSICAL HARM."
Appellant alleges the trial court erred by issuing a civil protection order based upon "unsubstantiated, uncorroborated, incredible testimony which failed to meet the statutory definition of domestic violence * * *."
In order to issue a civil protection order, an individual must demonstrate "domestic violence," defined in relevant part as:
 "[T]he occurrence of one or more of the following acts against a family or household member:
 "(a) Attempting to cause or recklessly causing bodily injury;
 "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.111 of the Revised Code; * * *." R.C. 3113.31(A)(1).
The household member seeking the civil protection order must prove domestic violence or threat of domestic violence by a preponderance of the evidence. Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus. Thus, in a case where an appellant asserts that the court's judgment is against the manifest weight of the evidence, we will not reverse the trial court's decision if it is supported by some competent, credible evidence going to the essential elements of the case. C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Furthermore, on appeal, we presume that the findings of the trial court are correct, because the trial court can observe the witnesses and weigh the credibility of the proffered testimony.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
Appellant argues that there is no evidence that he attempted to cause or recklessly caused appellee bodily injury, under R.C. 3113.31(A)(1)(a), because there were no visible marks or injuries. There is evidence in the record that appellant pinned appellee against the wall, and that her left breast was sore for approximately three to four days afterward. Therefore, some competent evidence exists that appellant caused or attempted to cause appellee bodily injury.
Appellant further argues that the magistrate's decision failed to specifically find that appellant attempted to cause or caused appellee serious bodily injury and, therefore, the finding must be overturned. We acknowledge that the particular statutory language was not used; however, the magistrate did state that appellant committed an act of "domestic violence" by restraining appellee against a wall with his elbow to her breast area. Thus, by using the term "domestic violence," and describing the incident, the magistrate substantially complied with the statute and made a proper finding under R.C. 3113.31.
Appellant next contends that appellee was not placed in fear of imminent serous physical harm, R.C. 3113.31(A)(1)(b), when he threw his silverware and plate into the sink. Threats of violence constitute domestic violence if the fear resulting from those threats is reasonable. Eichenberger v. Eichenberger (1992),82 Ohio App.3d 809, 815. Whether the fear felt by the petitioner is reasonable is determined with reference to the petitioner's history with the respondent. Id. at 816.
In the instant case, a review of the record reveals that some competent, credible evidence as to appellant's past behavior was offered to establish that appellee's fear of imminent serious harm was reasonable.
Based upon the foregoing, we find that the trial court's decision was not against the manifest weight of the evidence. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., James R. Sherck, J., MarkL. Pietrykowski, J., concur.